**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**KEIASIA DAVIS**                                                                                    **PLAINTIFF**

**v.**                                                                                    **Civil Action No. 4:25-cv-195-RPC-DAS**

**WILBERT NELSON, Individually
and in His Professional Capacity, and
THE CITY OF KOSCIUSKO,
MISSISSIPPI**                                                                                    **DEFENDANTS**

**MEMORANDUM OPINION**

Before the Court is the [12] Motion to Dismiss First Amended Complaint filed by Defendants Kosciusko, Mississippi ("the City"), and Officer Wilbert Nelson ("Defendant Nelson") (collectively, "Defendants"). For the reasons stated herein, Defendants' [12] Motion to Dismiss First Amended Complaint is hereby **GRANTED**, and all claims arising under federal law are **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, which are **DISMISSED WITHOUT PREJUDICE**.

*Procedural History*

This lawsuit was originally filed on December 3, 2025. *See* [Doc. 1]. On March 23, 2026, Defendants filed a Motion to Dismiss. *See* [Doc. 6]. Subsequently, on April 12, 2026, Plaintiff filed her Amended Complaint. *See* [Doc. 11]. On April 27, 2025, Defendants filed their [12] Motion to Dismiss the First Amended Complaint. Because Plaintiff was within her twenty-one days to amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B), the Court dismissed the Plaintiff's [6] Motion to Dismiss as moot, and the [11] First Amended Complaint became the operative complaint. *See* [Doc. 18]. Plaintiff filed her [15] response to the Defendants' [12] Motion to

1

Dismiss First Amended Complaint on May 15, 2026.[1] Having reviewed the parties' respective filings, the Court is now prepared to rule on the Defendant's [12] Motion to Dismiss First Amended Complaint.

### *Relevant Facts and Allegations in the Complaint*

Although Plaintiff frames her allegations in constitutional terms, the underlying dispute arises from an automobile accident and the parties' differing accounts of fault and resulting insurance consequences. The Complaint alleges that on or around February 16, 2025, Plaintiff was operating a motor vehicle in Kosciusko, Mississippi. [Doc. 11 at 3]. Plaintiff alleges that after coming to a "complete stop" at a stop sign, she began to proceed through the sign when Defendant Nelson's police cruiser collided with her car. *Id.*

After the accident, Plaintiff alleges that Defendant Nelson "fraudulently misrepresented to his benefit that he was the one stopped and alleged that the plaintiff approached at a high rate of speed." *Id.* at 4. Following the accident, Officer Martinez with the Attala County Sherrif's Department conducted an investigation and produced an "Officer Incident Report," which is attached to the [11] Amended Complaint as **Exhibit C.** Plaintiff contends that Officer Nelson's description of the accident constituted a "malicious statement" which caused "the defendant[2] financial injury as she was denied the benefit to recover from the defendant's [*sic*] officer's negligence and gross negligence." *Id.* at 4. Plaintiff further alleges that Defendant Nelson's actions

---

[1] The Court notes that under the Local Rules, Plaintiff's response was actually due on May 11, 2026 – fourteen (14) days after the Defendants filed the Motion to Dismiss. *See* L.U. Civ. R. 7(b)(4). While Plaintiff originally filed her response on May 10, 2026, [Doc. 14], she was directed to refile it because the memorandum in support and the motion were not docketed separately as required by L.U. Civ. R. 7(b)(2) and 7(b)(4).

[2] The Court acknowledges that "defendant" is actually referring to Plaintiff.

indicate that he "discriminated against plaintiff as a female where males similarly situated would not have been denied a commonsense interpretation of the facts and photographic evidence." *Id.*

The Complaint purports to assert twelve (12) causes of action: Count I – "42 U.S.C. § 1983"; Count II – also "42 U.S.C. § 1983"; Count III – Negligence against Defendant Nelson; Count IV – Gross Negligence against Defendant Nelson and the City; Count V – Bad Faith against the City; Count VI – Misrepresentation and Fraud against the City; Count VII – "Gross Negligence Defendant City"; Count VIII – "Intentional Infliction of Emotional Distress All Defendants"; Count IX – "Damages"; Count X – "Punitive Damages"; Count XI - "Due Process"; and Count XII – "Attorney Fees."[3]

Three of Plaintiff's claims arise under federal law and provide the basis for this Court's original jurisdiction. Count I arises under 42 U.S.C. § 1983 and is principally pled as a municipal-liability claim against the City pursuant to ***Monell v. Department of Social Services***, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Construed liberally, Count I alleges that the City, through its customs, policies, practices, or failures in supervision and discipline, caused the alleged constitutional deprivation.

Count II also arises under 42 U.S.C. § 1983 and is directed primarily at Defendant Nelson in his individual capacity, while also incorporating additional allegations against the City. Although not clearly delineated, Count II appears to assert several constitutional theories. First, Plaintiff alleges a Due Process / fabrication-of-evidence theory, contending that Defendant Nelson knowingly provided false information concerning the accident and that such conduct deprived Plaintiff of insurance proceeds, legal claims, or other asserted property interests. Second, Count II asserts an Equal Protection claim by alleging that Plaintiff was treated differently than similarly

---

[3] The Court notes that Count IX, Count X, and Count XII are not causes of action but rather requests for damages.

situated individuals because she is African American, female, and under the age of twenty-five. Third, Count II attempts to assert an additional *Monell* claim against the City by alleging that the City's Chief of Police approved or ratified Defendant Nelson's conduct, that the department protected Defendant Nelson, and that the City maintained customs or practices relating to inaccurate reporting and disciplinary failures.

Finally, Count XI, labeled "Due Process," largely reiterates the allegations contained in Counts I and II. Again, construed liberally, Count XI again attempts to assert a § 1983 due process claim based upon Defendant Nelson's allegedly false statements concerning the accident, the alleged deprivation of insurance proceeds or other asserted property interests, and the City's alleged ratification of such conduct.

The Defendants' [12] Motion to Dismiss seeks dismissal of the above federal claims and, in turn, asks the Court to decline to exercise supplemental jurisdiction over the remaining state law claims.

### *Analysis*

### I.      Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at

678. While a complaint does not need detailed factual contentions, the "allegations must be enough to raise a right to relief above the speculative level." ***Twombly***, 550 U.S. at 555. Accordingly, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." ***Turner v. Lieutenant Driver***, 848 F.3d 678, 685 (5th Cir. 2017) (quotation omitted). "When confronted with a qualified-immunity defense at the pleadings stage, the plaintiff must plead facts which, if proved, would defeat the claim of immunity." ***Murry v. City of Indianola***, 2024 U.S. Dist. LEXIS 186614, at *16-17 (N.D. Miss. July 19, 2024) (quoting ***Guerra v. Castillo***, 82 F.4th 278, 285 (5th Cir. 2003)); *see also* ***Waller v. Hanlon***, 922 F.3d 590, 599 (5th Cir. 2019).

## II.   Constitutional Violation

First, in order for Plaintiff to state a plausible claim against the City under 42 U.S.C. § 1983, Plaintiff must allege and establish "(1) an official policy (2) promogulated by the municipal policy maker (3) was the moving force behind the violation of a constitutional right." ***Thomas v. Bolivar Cnty.***, 4:26-cv-3-RPC-JM, 2026 U.S. Dist. LEXIS 102369, at *10 (N.D. Miss. May 8, 2026) (citation omitted). "Without a predicate constitutional violation, there can be no ***Monell*** liability." ***Id***. Put differently, the city "cannot be liable for causing…a constitutional violation if no violation occurred." ***Id***. (quoting ***Perdomo v. City of League City***, 163 F.4th 921, 926 (5th Cir. 2026)).

Likewise, Defendant Nelson has raised the defense of qualified immunity.[4] "To determine whether a public official is entitled to qualified immunity, courts decide (1) whether the facts the plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue

---

[4] To the extent Plaintiff asserts claims against Defendant Nelson in his official capacity, those claims fail because any official capacity claim against Defendant Nelson would be redundant of those against the City. *See* ***Sanders-Burns v. City of Plano***, 594 F.3d 366, 373 (5th Cir. 2010).

was clearly established at the time of the defendant's alleged misconduct." ***Triplett v. Swindle***, No. 1:24-cv-201-GHD-RP, 2026 U.S. Dist. LEXIS 6505, at *5 (N.D. Miss. Jan. 12, 2026) (citing ***Doe v. Jewell***, 151 F.4th 236-244-45 (5th Cir. 2022) (internal quotation marks omitted). "The Court's first and threshold inquiry is whether the facts alleged, taken as true, make out a violation of a constitutional right." ***Thomas***, 4:26-cv-3-RPC-JM, 2026 U.S. Dist. LEXIS 102369, at *6. "Crucially, a plaintiff's inability to establish an underlying constitutional violation forecloses any chance of recovery against an individual defendant who asserts qualified immunity." ***Id.*** (citing ***Hathaway v. Bazany***, 507 F.3d 312, 320 (5th Cir. 2007)).

In this case, Plaintiff attempts to assert a Fourteenth Amendment Due Process and Fourteenth Amendment Equal Protection violation. To the extent Plaintiff attempts to assert a negligence or gross negligence claim, these "do not rise to a constitutional violation actionable under 42 U.S.C. § 1983." ***Thomas***, 4:26-cv-3-RPC-JM, 2026 U.S. Dist. LEXIS 102369, at *7 (citing ***Daniels v. Williams***, 474 U.S. 327, 332-36, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (rejecting contention that § 1983 embraces tort concepts of negligence)); ***Hare v. City of Corinth***, 74 F.3d 633, 645 (5th Cir. 1997) (recognizing constitutional standard for § 1983 claims must be more than negligence or gross negligence).

As explained below, Plaintiff has failed to meet her burden to plausibly plead, allege, and show a violation of her constitutional rights resulting from the accident and reporting practices of Defendant Nelson and the City. For this reason, Plaintiff cannot support a 42 U.S.C. § 1983 action. Similarly, because Plaintiff has failed to plausibly allege the violation of a constitutional right, Defendant Nelson is entitled to qualified immunity, and the Court need not address whether any such right was clearly established.

### A.        Alleged Fourteenth Amendment Due Process Violations

6

Plaintiff alleges that Defendant Nelson knowingly provided false information concerning the circumstances of the car accident after it occurred. Specifically, Plaintiff alleges that although Defendant Nelson was principally at fault for the accident, he falsely represented to investigating authorities (the Attala County Sherriff's Department) that the Plaintiff approached the intersection at a high rate of speed and was at fault for the collision. Based on these allegations, Plaintiff contends that Nelson's false account deprived her of constitutionally protected property interests, including insurance proceeds, the ability to recover damages arising from the accident, the value of any legal claims, and other financial recovery allegedly available to her had Defendant Nelson taken responsibility for the accident.

To state a valid Fourteenth Amendment claim for deprivation of property in violation of substantive or procedural due process, a plaintiff must have a protected property interest. ***Perry v. Sindermann***, 408 U.S. 593, 599, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972). In order for a person to have a constitutionally protected property interest, they must have "more than an abstract need or desire" for the property in question. ***Board of Regents v. Roth***, 408 U.S. 564, 576, 92 S. Ct. 2701, 33 L. Ed. 2d 584 (1972). Put differently, he or she "must have more than a unilateral expectation of it." ***Id***. The plaintiff "must, instead, have a legitimate claim of entitlement to it." ***Id***. As the Third Circuit has explained, "one does not have a constitutional right to full recovery on an insurance claim." ***Jarrett v. Twp. of Bensalem***, 312 F. App'x 505, 508 (3d Cir. 2009). Likewise, courts have declined to recognize due process claims based on allegations that police officers hindered a plaintiff's ability to recover damages in a civil action arising from a civil incident. *See **Graham v. City of Albany***, No. 08-cv-892, 2009 U.S. Dist. LEXIS 109815, 2009 WL 4263510, at *9-10 (N.D. N.Y. Nov. 23, 2009) (citing ***Landrigan v. City of Warwick***, 628 F.2d 736, 744-45 (1st Cir. 1980)).

Plaintiff argues that "[p]rotected property does include [i]nsurance proceeds, [l]egal claims, and causes of actions." [Doc. 16 at 8] (citing ***Logan v. Zimmerman Brush Co.***, 455 U.S. 422, 102 S. Ct. 1148, 71 L. Ed. 2d 265 (1982)). The plaintiff in ***Logan*** claimed that he was wrongfully fired because of his physical disability in violation of the Illinois Fair Employment Practices Act. When the plaintiff filed a discrimination charge, the Fair Employment Practices Commission was required by statute to hold a fact-finding conference within 120 days after the charge was filed, which it did not do. As a result, the plaintiff lost his ability to pursue his claim, obtain remedies such as reinstatement and back pay, and the opportunity to have the merits of his discrimination claim heard. ***Logan*** did not involve the right to receive insurance proceeds. Put differently, the plaintiff in ***Logan*** already possessed a state-created cause of action that was extinguished. Any legal claim or cause of action arising out of the accident at the center of this litigation is still available to Plaintiff. She could easily file a lawsuit in state court and attempt to recover insurance proceeds to which she believes she is entitled.

Moreover, "[t]he Court has located no authority suggesting that making false statements about a vehicle accident—at least when those statements do not result in a criminal charge—is a constitutional violation." ***Williams v. Does***, No. 3:24-cv-02026-E (BT), 2024 U.S. Dist. LEXIS 181125, at *4-5 (N.D. Tex. Sept. 16, 2024). To the contrary, "a number of courts have held that there is no constitutional right to an accurate police report." ***Id.*** at *5 (collecting cases); *see also* ***Rich v. Palko***, 920 F.3d 288, 298, n.18 (5th Cir. 2019) (citing ***Smith v. Patri***, 99 F. App'x 497, 498 (5th Cir. 2004) (per curiam) ("there is no right to a completely accurate police report.")); ***Jarrett***, 312 F. App'x at 507 ("the mere existence of an allegedly incorrect police report fails to implicate constitutional rights."). For this reason, Plaintiff fails to state a claim against the Defendants for

violating her constitutional rights as no violation of her constitutional rights occurred as a result of the accident and/or the subsequent reporting actions of Defendant Nelson.

Even if the Court were to assume that a claim for delay or denial is a protected property interest, there can be no violation of Plaintiff's constitutional rights if the State of Mississippi provides an adequate avenue to resolve the dispute. If the state provides an adequate avenue for Plaintiff to recover from her alleged financial injury, there has been no violation of her constitutional rights, and this lawsuit lacks an arguable basis in either law or fact. ***Hawes v. Stephens***, 964 F.3d 412, 418 (5th Cir. 2020) (citing ***Neitzke v. Williams***, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 388 (1989)). This is because a procedural due process claim consists of two elements: (1) deprivation by state action of a protected interest in life, liberty, or property and (2) inadequate state process. ***Reed v. Goertz***, 598 U.S. 230, 236, 143 S. Ct. 955, 215 L. Ed. 2d 218 (2023) (citation omitted). Here, Plaintiff has adequate post deprivation remedies available to her in Mississippi state courts, including but not limited to: claims for negligence, Mississippi Tort Claims Act remedies, insurance litigation, and fraud/misrepresentation claims. Moreover, the Plaintiff does not allege that Mississippi deprived her of any opportunity to pursue such remedies. All of these claims arise under state law and are not actionable under § 1983. For these reasons, Plaintiff's claims must be dismissed.

Lastly, again assuming Plaintiff possessed a protected property interest in potential insurance proceeds or tort recovery, the alleged deprivation was not effectuated by the Defendants. Plaintiff alleges only that Defendant Nelson provided an inaccurate account of the collision. Any subsequent denial of insurance benefits would result from the independent decisions of third parties and the unresolved factual dispute concerning fault. For this reason, Plaintiff has also not

plausibly alleged that a state actor deprived her of her property within the meaning of the Fourteenth Amendment.[5]

### B. Fabrication of Evidence Claim

Plaintiff argues that Defendant Nelson knowingly falsified material facts in an official crash report resulting in "intentional fabrication of evidence by a state actor, which is actionable under [§] 1983 when it causes a deprivation of liberty or property." [Doc. 16 at 3]; *See also* [Doc. 16 at 4] ("Fabrication of evidence is actionable when it causes a deprivation of liberty or property." (citing **Devereaux v. Abbey**, 263 F.3d 1070 (9th Cir. 2001))). As explained above, Plaintiff has failed to establish a deprivation of a protected property interest resulting from the accident. However, even if she had, the fabrication of evidence claim would still fail.

District courts in the Fifth Circuit have found that a plaintiff must show three elements to succeed on a Fourteenth Amendment substantive due process "fabrication-of-evidence" claim: "(1) that the officers fabricated evidence (2) for the purpose of falsely obtaining a charge and (3) that the evidence influenced the decision to charge." **Cerdes v. United States***,* No. 24-2866; No. 25-142, 2025 WL 393309, 2025 U.S. Dist. LEXIS 164158, at 22 (E.D. LA Aug. 25, 2025) (citing **Cole v. Hunter**, 497 F. Supp. 3d 172, 190 (N.D. Tex. Oct. 29, 2020)); **Welsh v. Williams**, No. 22-183, 2023 U.S. Dist. LEXIS 244600, 2023 WL 11990749, at *14 (N.D. Tex. June 30, 2023). Here, Plaintiff was not charged with any criminal action arising from the accident, nor does the First Amended Complaint alleged any charges were brought against her as a result. Moreover, fabrication-of-evidence claims almost exclusively arise from criminal proceedings resulting in a deprivation of liberty, and Plaintiff cites no authority extending such claims to a routine civil

---

[5] To state a claim under § 1983, the plaintiff must allege facts showing, not only that the defendant violated the Constitution or federal law, but that the defendant was acting under the color of state law while doing so. **Wilson v. Dallas Cnty. Hosp. Dist.**, 715 F. App'x 319, 323 (5th Cir. 2017). "Under color of state law" excludes from its reach purely private conduct. **Blum v. Yaretsky**, 457 U.S. 991, 1002, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982).

automobile accident dispute. For this reason, the fabrication-of-evidence claim fails to state a claim upon which relief can be granted and must be dismissed.

### C. Equal Protection Claim

Plaintiff also asserts a claim under the Equal Protection Clause of the Fourteenth Amendment. Specifically, Plaintiff alleges that she is an African American, female, and under the age of twenty-five. She alleges that the Defendants treated her differently because of these characteristics.

The Equal Protection Clause of the Fourteenth Amendment "essentially requires that all persons similarly situated be treated alike." *Mahone v. Addicks Util. Dist. of Harris Cnty.*, 836 F.2d 921, 932 (5th Cir. 1988). "To state a claim under the Equal Protection Clause, a plaintiff must allege (1) that she was treated differently from similarly situated individuals and (2) that the different treatment stemmed from a discriminatory intent." *Barber v. Rounds*, 169 F.4th 577, 585 (5th Cir. 2026) (citation omitted).

Plaintiff's allegation that Defendants treated her differently because she is African American, female, and under twenty-five is wholly conclusory and unsupported by factual allegations from which discriminatory purpose may reasonably be inferred. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient to survive a 12(b)(6) motion. *See Rountree v. Dyson*, 892 F.3d 681, 685 (5th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678). For this reason, Plaintiff has not adequately alleged facts which allow the Court to infer discriminatory intent on behalf of the Defendants, and Plaintiff's Equal Protection claim is dismissed.

Even assuming that Plaintiff's Equal Protection allegations were non-conclusory, Plaintiff has not identified any similarly situated comparators. *See Secherest v. City of Lexington*, No. 3:24-

cv-34-TSL-MTP, 2026 WL 867392, 2026 U.S. Dist. LEXIS 67304, at *25 (N.D. Miss. Mar. 30, 2026). The Fifth Circuit has explained that Fourteenth Amendment Equal Protection claims require plaintiffs "to identify examples of similarly situated individuals who were nonetheless treated differently." *Villarreal v. City of Laredo, Texas*, 94 F.4th 374, 398 (5th Cir. 2024). Plaintiff has failed to do so and, as a result, has failed to assert a viable Equal Protection claim. For these reasons, Plaintiff's equal protection claim must be dismissed.

### D.     Claims Against the City

As explained herein, Plaintiff has failed to plausibly allege that her constitutional rights were violated as a result of the accident and reporting practices of Defendant Nelson. However, even assuming that Plaintiff had done so, her claims would still be dismissed for failure to identify a City policy.

First, "[u]nder § 1983, municipalities cannot be found liable on a theory of vicarious liability or *respondeat superior*." *Thomas*, 4:26-cv-3-RPC-JM, 2026 U.S. Dist. LEXIS 102369, at *9 (citing *Jones v. City of Hutto*, 154 F.4th 332, 336 (5th Cir. 2025)). "Any alleged unconstitutional conduct must be 'directly attributable to the municipality through some sort of official action or imprimatur,' meaning 'isolated unconstitutional actions by municipal employees will almost never trigger liability' on behalf of the municipality." *Id*. at *9-10 (quoting *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019)). To establish constitutional liability under *Monell*, a plaintiff must allege that (1) a constitutional violation occurred, and (2) an official policy or custom was the "moving force" behind the violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 579-80 (5th Cir. 2001); *Monell*, 436 U.S. at 694.

A municipality may be held liable under § 1983 if the deprivation of a constitutional right was due to an official policy or custom. *Piotrowski*, 237 F.3d at 579. The relevant policy or custom

need not be plead in exhaustive detail, but there must be enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. "Boilerplate allegations of municipal policy, entirely lacking in any factual support that that municipal policy does exist, are insufficient." *Morton v. City of Corinth*, No. 1:22-cv-065-GHD-DAS, 2024 WL 3281181, 2024 U.S. Dist. LEXIS 117743, at *27 (N.D. Miss. July 2, 2024) (citation omitted). There are three ways for plaintiffs to establish an official policy for the purposes of municipal liability. The policy can be (1) a policy statement formally announced by an official policymaker, (2) a persistent widespread practice of city officials which is so common and well settled as to constitute a custom that represents municipal policy, or (3) a single unconstitutional act by a final policy maker. *See Cambric v. City of Corpus Christi*, 170 F.4th 321, 325 (5th Cir. 2026). The first and third avenues are not implicated based on the allegations in the Amended Complaint. Thus, the only route before the Court is whether the City had a pattern, practice, or custom of the complained-of conduct that rises to the level of an official policy attributable to the City.

"A customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Cambric*, 170 F.4th at 325 (citation omitted). Such a pattern requires sufficiently numerous prior incidents as opposed to isolated instances. *McConney v. City of Hous.*, 863 F.2d 1180, 1184 (5th Cir. 1989). Plaintiff cites no other prior incidents misconduct by the City or its agents to establish a pattern for purposes of municipal liability.

13

To rebut this argument, Plaintiff cites ***Johnson v. City of Shelby***, 642 F. App'x 380 (5th Cir. 2016)[6] for the proposition that, "[a]t the pleading stage, detailed proof of a pattern is not required." [Doc. 16 at 5]. Plaintiff's reliance on ***Johnson*** is misplaced. First, the Fifth Circuit in ***Johnson*** reviewed the district court's grant of summary judgment, not a motion to dismiss. Accordingly, the decision does not support Plaintiff's contention regarding what factual allegations are insufficient at the pleading stage. Second, ***Johnson*** does not address whether a pattern of constitutional violations is required to plausibly allege municipal liability under § 1983, nor does it suggest that a plaintiff may proceed without alleging facts linking the purported constitutional violation to a municipal policy or custom. Because Plaintiff has failed to plausibly allege that any constitutional violation resulted from an official policy, custom, or practice of the City, Plaintiff's claims against the City must be dismissed.[7]

Plaintiff also alleges that the City's Chief of Police approved or ratified Defendant Nelson's conduct and/or that that a pattern of "disciplinary failures have occurred in the police department." [Doc. 11 at 6]. However, Fifth Circuit precedent limits the ratification theory to "extreme factual situations." ***Adams v. Pascagoula-Gautier Sch. Dist.,*** No. 1:25-cv-40-LG-BWR, 2025 U.S. Dist. LEXIS 135400, at *14 (S.D. Miss. July 16, 2025) (citation omitted). "[U]nless the subordinate's

---

[6] Plaintiff's brief specifically cites "***Johnson v. City of Shelby***, No. 15-60511 (5th Cir. Mar 23, 2016)." The referenced case number and decision date correspond to ***Johnson v. City of Shelby***, 642 F. App'x 380 (5th Cir. 2016). The Court therefore assumes Plaintiff intended to cite that decision and analyzes the argument accordingly.

[7] Assuming Plaintiff intended to cite the earlier Fifth Circuit decision in ***Johnson v. City of Shelby***, 743 F.3d 59 (5th Cir. 2013), that case provides no support for Plaintiff's position. The Fifth Circuit's discussion in that opinion concerned whether a plaintiff asserting constitutional claims against state actors must expressly invoke 42 U.S.C. § 1983 as the vehicle for relief; it did not address the sufficiency of allegations necessary to plead municipal liability under ***Monell***, nor did it suggest that a plaintiff may proceed against a municipality without alleging facts showing that a constitutional violation resulted from an official policy, custom, or practice. Likewise, to the extent Plaintiff intended to rely on the Supreme Court's subsequent decision reversing the Fifth Circuit, ***Johnson v. City of Shelby***, 574 U.S. 10, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014) (per curiam), that decision merely held that a plaintiff's failure to expressly cite § 1983 does not warrant dismissal where the complaint otherwise provides fair notice of the claim. The Supreme Court did not relax the requirement that a plaintiff plead sufficient facts to plausibly establish an underlying constitutional violation and, where municipal liability is asserted, facts supporting liability under ***Monell***.

14

actions are sufficiently extreme—for instance, an obvious violation of clearly established law—a policy maker's ratification or defense of his subordinate's actions is insufficient to establish a policy or custom." ***Peterson v. City of Fort Worth, Tex.***, 588 F.3d 838, 848 (5th Cir. 2009). Without sufficient facts to support an inference of ratification, any claim asserting the same fails to state a claim upon which relief can be granted. ***Iqbal***, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Moreover, for a failure-to-discipline claim to survive a Rule 12(b)(6) motion, a plaintiff must sufficiently plead (1) that the city failed to discipline the officers involved; (2) that there is a causal connection between the alleged failure to discipline and the alleged violation of the plaintiff's rights; and (3) that the failure to discipline constituted deliberate indifference to the plaintiff's constitutional rights. *See* ***Peña v. City of Rio Grande City***, 879 F.3d 613, 623 (5th Cir. 2018). "A pattern of similar constitutional violations by untrained [or undisciplined] employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train [or discipline]." ***Connick v. Thompson***, 563 U.S. 51, 62, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) (citation and quotation marks omitted). Plaintiff fails to plausibly allege all three elements of a failure-to-discipline claim and, as a result, the claim must be dismissed for failure to state a claim.

### E.    Supplemental Jurisdiction

As explained herein, Plaintiff has failed to state a claim arising under federal law. However, Plaintiff also asserts numerous state law claims in the First Amended Complaint.

The federal courts are courts of limited jurisdiction. ***Aldinger v. Howard***, 427 U.S. 1, 14-15, 96 S. Ct. 2413, 2420, 49 L. Ed. 2d 276 (1976). Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district court may decline to exercise supplemental jurisdiction over a claim" when "the district court has dismissed all claims over which it has original jurisdiction." This Court's "decision to

15

exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Thomas*, 4:26-cv-3-RPC-JM, 2026 U.S. Dist. LEXIS 102369, at *14 (citation omitted). "The general rule in the Fifth Circuit is that a court should decline to exercise jurisdiction over remaining state law claims when all federal law claims are eliminated before trial." *Id.* at *17 (citation omitted).

The Fifth Circuit has set forth several statutory and common law factors Courts are to apply when deciding whether the exercise supplemental jurisdiction. *Id.* The statutory factors include: (1) whether the claim raises a novel or complex issue of state law; (2) whether the claim predominates over the claims which the district court has original jurisdiction; (3) if the district court has dismissed all claims over which it has original jurisdiction; and (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *Id.* at *15. As explained herein, Plaintiffs allegations all arise under theories of state law emanating from a car wreck. Moreover, all of the federal claims have been dismissed, leaving the state law claims to predominate. Thus, the statutory factors weigh in favor of declining to exercise supplemental jurisdiction over the remaining state law claims.

The common law factors courts in the Fifth Circuit are required to consider include "judicial economy, convenience, fairness, and comity." *Thomas*, 4:26-cv-3-RPC-JM, 2026 U.S. Dist. LEXIS 102369, at *15-16 (citation omitted). District Courts should not decline jurisdiction if a "significant amount of judicial resources" have already been expending in deciding the issues in the case. *Id.* at *16 (quoting *Brookshire Bros. Holding Inc. v. Dayco Prods. Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)). That is not the case here, as very little resources have been used and the litigation is still in its early stages. Additionally, the circumstances surrounding the underlying events of the case all occurred in Attala County, Mississippi, where all the parties are residents. As

16

for the fairness factor, the Fifth Circuit has held it to be "fair" for state law claims to be resolved in state court. *Thomas*, 4:26-cv-3-RPC-JM, 2026 U.S. Dist. LEXIS 102369, at *16 (citation omitted). Lastly, federal courts are "not so well equipped for determinations of state law as are state courts[.]" *Id*. Because only state law claims remain, the "important interests of federalism and comity" favor declining to exercise supplemental jurisdiction. *Parker v. Parsley & Petro. Co. v. Dresser Indus.*, 927 F.2d 580, 588 (5th Cir. 1992). For these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## III.     Conclusion

For the foregoing reason, Defendants [12] Motion to Dismiss First Amended Complaint is **GRANTED,** and all claims arising under federal law are **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, which are **DISMISSED WITHOUT PREJUDICE**. A separate Order and Rule 58 Final Judgment shall issue.

**SO ORDERED**, this the 3rd day of June, 2026.

_____
UNITED STATES DISTRICT JUDGE